# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE L. ZEPEDA | 1:06-cv-01391-AWI-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| W.J. SULLIVAN, et. al., | (Doc. 1) |
| Defendants. | |

**I.    SCREENING ORDER**

Jamie L. Zepeda ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his complaint on October 10, 2006 – which is presently before the Court for screening. Plaintiff has consented to Magistrate Judge jurisdiction.

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

1  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2  1915(e)(2)(B)(ii).
3        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
6  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
8  complaint under this standard, the court must accept as true the allegations of the complaint in
9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
10 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
12       **B.**    **Summary of Plaintiff's Complaint**
13       Plaintiff is a state prisoner at California Correctional Institute ("CCI") in Tehachapi,
14 California – where the acts he complains of occurred.
15       Plaintiff names defendants: Warden W.J. Sullivan; Assistant Warden M. Carrasco; C.D.
16 Warden L.L. Schulties; and Does 1-16.
17       Plaintiff alleges that: in December (year not stated) inmates from 4A and from 4B were
18 exchanged ("the prisoner exchange") so as to result in removal of "the well established trained
19 work-force that provided all essential services to the SHU population;" and that subsequently, the
20 SHU inmates have suffered from a variety of constitutional violations.  (Doc. 1, pg. 11.)
21       Plaintiff seeks a preliminary injunction, declaratory relief, and monetary damages.
22       Plaintiff variously implies that this action is being brought on his own behalf, as well as
23 that of other inmates – i.e. as if it were a class action.  However, Plaintiff is a non-lawyer
24 proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the
25 interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule
26 becomes almost absolute when, as here, the putative class representative is incarcerated and
27 proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms,
28 plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R.

Civ. P. 23(a)(4).  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiff.

It should be noted that, for the most part, Plaintiff's complaint merely states generalized conclusions and legal citations.  The Court provides Plaintiff with the following law that might apply to his generalized claims.  However, it is Plaintiff's duty to specify his claims for relief against each defendant and their factual basis.

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**2.  *Federal Rule of Civil Procedure 18(a)***

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

**3.  *Linkage Requirement***

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named

4

defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has named only supervisory personnel as defendants, to with – Warden W.J. Sullivan; Assistant Warden M. Carrasco; C.D. Warden L.L. Schulties; and Does 1-16 (who are subsequent Wardens). Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff alleges that the named defendants are liable for his current housing conditions because they transferred the SHU prisoners without conducting, or ordering, an impact analysis to ascertain the impact on services and programs before moving the prisoners between 4A and 4B. (Doc. 1, pp. 4-6.) Plaintiff then proceeds to generally assert various subsequent constitutional violations. However, Plaintiff does not allege any facts indicating that any of the defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Transferring prisoners among housing units does not amount to an administrative move that is, in and of itself, so deficient as to amount

to a repudiation of constitutional rights and the moving force of the constitutional violations Plaintiff complains of.

### D. Claims for Relief

#### 1. *Access to Law Library*

Plaintiff alleges that, before the prisoner exchange, access to the law library took 7 to 14 days, which was extended to 14 to 24 days subsequent thereto. (Doc. 1, pp. 12-13.)

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).

For backward-looking claims, Plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

For forward-looking claims, the first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077. Finally, the third element requires that plaintiff show he has no remedy other than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. However, actual law libraries may be replaced "with some minimal access to legal advice and a system of

1  court-provided forms such as those that contained the original complaints in two of the more
2  significant inmate-initiated cases in recent years ... and ... forms that asked the inmates to
3  provide only the facts and not to attempt any legal analysis." (Citations omitted.) Id at 352.
4      Because inmates do not have "an abstract, freestanding right to a law library or legal
5  assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law
6  library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate
7  claiming interference with or denial of access to the courts must show that he suffered an actual
8  injury. Id at 351.
9      Plaintiff has not shown that he suffered an actual injury as a result of the delayed access
10 he has experienced subsequent to the prisoner exchange. Thus, Plaintiff fails to state a
11 cognizable claim for inability to access the courts based on his delayed access to the law library.

### 2. *Conditions of Confinement*

13     The Eighth Amendment protects prisoners from inhumane methods of punishment and
14 from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.
15 2006). Extreme deprivations are required to make out a conditions of confinement claim, and
16 only those deprivations denying the minimal civilized measure of life's necessities are
17 sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian,
18 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim
19 for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a
20 claim that prison officials knew of and disregarded a substantial risk of serious harm to the
21 plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos,
22 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the prison official is not
23 sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at
24 835; Frost, 152 F.3d at 1128.

### a. *Clothing*

26     Plaintiff alleges that, as a result of the prisoner exchange, inmates are not routinely issued
27 clean clothing, laundry is not returned, and clothing is inadequate. Plaintiff does not allege what
28 clothing he is provided, the frequency of clean clothing being provided, any means Plaintiff has

to launder his own clothes, and what, if any weather conditions make the clothing he is provided "inadequate." (Doc. 1, pg. 15.) The fact that Plaintiff is not provided clean clothing as frequently and as regularly as he would like does not rise to the level of a denial of the minimal civilized measures of life's necessities so as to state a cognizable claim for unconstitutional conditions of confinement.

### *b. Food*

The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. Further, the fact that food served to prisoners might occasionally contain foreign objects, or be served cold, while unpleasant, does not amount to a constitutional deprivation. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

Plaintiff complains that: food served is under cooked, or overcooked; that food items are not replaced even though described on the food itemized schedule; that they are being served basically a bread and water diet at breakfast (without any breakfast meats); that the inmate food budget is unconstitutional; and that "even though the caloric intake is executed, it is of empty calories." (Doc. 1, pp. 15-16.) Plaintiff's complaints about the food being served simply do not rise to the level of a cognizable constitutional violation.

### *c. Exercise*

The panel in Lopez v. Smith, 160 F.3d 567 (1998), affirmed a summary judgment grant by citing May v. Baldwin, 109 F.3d 557, 565 (1997), which held that "a temporary (22 day) denial of outdoor exercise with no medical effects is not a substantial deprivation." Temporary denials of outdoor exercise must have adverse medical effects to meet the Eighth Amendment test, while long-term deprivations are substantial regardless of effects. See Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) – prisoner alleged deprivation of being allowed 45 minutes of outdoor exercise per week for six weeks qualified as long term so as to obviate the requirement to show adverse medical effects.

Plaintiff alleges that, his outdoor exercise is frequently limited to 2 ½ to 2 3/4 hours per every seven days from September 16, 2006 through September 24, 2006. (Doc. 1, pg. 14.)

Since the time frame of limited outdoor exercise is temporary, Plaintiff must allege an adverse medical effect from the deprivation in order to state a cognizable claim.

### *d. Visitation*

Plaintiff complains that visitation was reduced from two days per week to one day per week. (Doc. 1, pg. 15.)

"An inmate does not retain rights inconsistent with proper incarceration," and "freedom of association is among the rights least compatible with incarceration." Overton v. Bazzetta, 539 U.S 126, 131 (2003). Accordingly, "[s]ome curtailment of that freedom must be expected in the prison context." Id. It is settled law that prisoners have no absolute right to unfettered visitation. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Prisoners also have no right to contact visitation. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-114 (9th Cir. 1986).

Plaintiff's rights to freedom of association via visitation may be curtailed in the prison context. Plaintiff fails to allege enough factual detail for his allegations regarding decreased visitation for the Court to ascertain whether a constitutional violation has occurred. Nor has Plaintiff indicated with whom he was hoping, but prevented from visiting. Curtailment of visitation time by half, throughout the entire prison due to security and/or management concerns does not rise to the level of a constitutional violation. Plaintiff fails, but may be able, to state a cognizable claim if his protected liberty interests were curtailed without due process or in violation of his rights to equal protection of the law.

### 3. *Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges that the prisoner exchange caused delays in the receipt of medical care and treatment. (Doc. 1, pp. 13-14.)

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle v. Gamble, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*).  Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996);

Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

Plaintiff alleges that prior to the prisoner exchange, it took "two weeks to nurse's line" and "one week to doctor's line" and subsequent thereto it takes "21 to 44 days for nurse's line" and "14 to 21+ days for doctor's line." (Doc. 1, pg. 13.) This delay in general receipt of medical care does not show deliberate indifference on the part of any prison staff to a prisoner's serious medical need, nor does it show any injury caused by the delay.

Plaintiff further alleges that he has sought medical care since February for "daily abdominal pains," and that he has tested positive to numerous tests. Plaintiff alleges that he has been given medication that caused him to vomit, but did not obtain an order for a colonoscopy until he insisted. Once approved, it took "approximately eight months from initial request for treatment and care." Plaintiff alleges that he continues to have symptoms and suffer injuries, but he fails to establish that any of the named defendants were deliberately indifferent to his serious medical needs – in fact, he apparently was at least being tested and prescribed medication for his condition. That the colonoscopy was not ordered until he "insisted" on it does not rise to the level of deliberate indifference. Thus, Plaintiff fails to state a cognizable claim for deliberate indifference to his serious medical needs against any defendant.

### 4. *Preliminary Injunction*

Plaintiff requests a preliminary injunction to restore circumstances to the way they were before the prisoner exchange. (Doc. 1, pp. 8-11.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an

11

injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

The Court is dismissing Plaintiff's complaint, with leave to amend, for failure to state claims upon which relief may be granted under section 1983. Thus, at this point in time, there is no case or controversy before the Court, and the Court has no jurisdiction to issue any preliminary injunctions. Until and unless the Court finds that Plaintiff has stated cognizable claims for relief under section 1983, and the defendants against whom the claims are stated have been served and made an appearance in this action, the Court will not have jurisdiction to issue any orders awarding the relief Plaintiff seeks.

### 5. *State Law Claims*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff may be able to state a claims for relief under section 1983. Thus, the Court reserves discretion to exercise supplemental jurisdiction over and to address Plaintiff's state law claims after Plaintiff files his amended complaint so as to allow Plaintiff opportunity to state cognizable claims for relief under section 1983.

## II.  CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 24, 2008**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE