# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA, | CASE NO. 1:06-cv-01391-AWI-GSA PC |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| W.J. SULLIVAN, et al., | |
| Defendants. | (Doc. 16) |

## Screening Order

**I.      Screening Requirement**

Plaintiff Jaime L. Zepeda is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 and California state law. Plaintiff filed his First Amended Complaint on December 18, 2008, in response to an earlier screening order.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the

///

1

action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claims

### A. Plaintiff's Complaint, in General.

In his lengthy and poorly organized first amended complaint, Plaintiff catalogues extensive factual information, beginning with the design of California Correctional Institution, Tehachapi (CCI), in the 1960's and ending with a detailed discussion of Plaintiff's digestive maladies. Plaintiff then asserts fifteen causes of action, none of which is specifically tied to the factual allegations preceding them. As a result, the complaint fails to state a claim.

This Court will not speculate regarding which facts Plaintiff intends to support which constitutional claims. If Plaintiff chooses to amend the complaint again, as he is permitted to do pursuant to this order, he must correlate his claims for relief with the factual basis underlying each one, demonstrating how the conditions of which he complains have resulted in each deprivation of Plaintiff's constitutional rights. To accomplish this objective, Plaintiff may find it helpful to reorganize his complaint to set forth each claim individually, followed by the relevant supporting allegations. Organizing the complaint in this way may also assist Plaintiff in identifying and removing irrelevant or unnecessary factual allegations and duplicative or unsupported causes of action. By simplifying and shortening his complaint, Plaintiff will enable the Court to evaluate his claims and the facts supporting each one. Plaintiff's second amended complaint may not exceed twenty-five pages.

Plaintiff is encouraged to focus on the standard set forth in Fed. R. Civ. P. 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, *supra*, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Defendants.

#### 1. Supervisory personnel.

Plaintiff names as defendants Warden Sullivan, Associate Warden Carrasco, Chief Deputy Warden, and three "John Doe" successor wardens. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation. *See* Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege facts indicating that each supervisory defendant either personally participated in the alleged deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor, *supra*, 880 F.2d at 1045.

In addition, this Court is unable to understand Plaintiff's intent in naming as defendants the successors to CCI's warden, associate warden and chief deputy warden. Logically, these

successors, who have not yet be appointed, much less assumed the posts in question, could not have taken actions depriving Plaintiff of his constitutional rights. Plaintiff must either clarify his intent regarding these defendants or dismiss them from his complaint.

### 2. "John Doe" Defendants.

Plaintiff also names 102 "John Doe" defendants, comprised of other CDCR staff at CCI, whose "true names, identities and capacities are presently unclear to Plaintiff." (first amended complaint at pp. 4-5.) The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." McMillan v. Department of Interior, 907 F.Supp. 322, 328 D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also* Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. Ibid. "While Doe pleading is disfavored, it is not prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Here, the "John Doe" defendants are not otherwise specifically identified and linked to any specific act or omission that gave rise to a violation of Plaintiff's constitutional rights. *Compare* the allegations of Plaintiff's complaint *with* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390 n. 2 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner'"), and Wakefield v. Thompson, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the Court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'") Although papers and pleadings submitted by *pro se* litigants are subject to a less stringent standard than those of parties represented by attorneys, a *pro se* plaintiff must follow the rules

1 and orders of the Court, including diligently acting to identify any "John Doe" defendants named in his suit. Grinage v. Leyba, 2008 WL 199720 at 12 (D. Nev. January 17, 2008).

In the text of Plaintiff's extensive factual allegations, he has named certain corrections officers and other prison personnel. If any or all of these individual are presently named as "John Doe" defendants, Plaintiff must identify them as such in his Second Amended Complaint. Once the identity of the "John Doe" defendant is known, the plaintiff may not continue to prosecute the claim against "John Doe" but must substitute the defendant's true name. Plumb v. Prinslow, 847 F.Supp. 1509, 1523 n. 13 (D. Ore. 1994).

### 3. Linking Defendants with Claims.

Whether a defendant is named or has been designated as a "John Doe," Plaintiff must tie that defendant's actions to the specific harms alleged to have been caused to Plaintiff. Section 1983 provides:

> Every person who, under color of [state law] . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). *See also* Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007), *pet. for cert. filed*, 76 U.S.L.W. (U.S. January 17, 2008) (No. 07-958)..

Plaintiff can establish each defendant's "requisite causal connection" either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that the defendant knew or reasonably should have known would cause the others to inflict constitutional injury on Plaintiff.

5

Id. at 988. A defendant cannot be liable under § 1983 unless an affirmative link or connection exists between that defendant's actions and the claimed injury to Plaintiff. May v. Enomoto, 633 F.2d 164, 167 n. 3 (9th Cir. 1980); Johnson, *supra,* 588 F.2d at 743.

### C. Need for Multiple Actions?

Upon amendment, Plaintiff's complaint, which advances fifteen causes of action, may need to be separated into more than one action. Because the complaint as a whole is so vague and because Plaintiff does not articulate each defendant's role in each of the claims he advances, the Court cannot be certain whether this action is properly brought as single action or whether Plaintiff must separate his claims in order to comply with the Federal Rules of Civil Procedure.

"A party asserting a claim, counterclaim, crossclaim, or third-party claim, may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). This means that a Plaintiff cannot combine claims in a single action unless each of the multiple claims is against the same defendant(s).

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [that a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

As Plaintiff reorganizes his complaint and ties each claim to the relevant defendants, as described above, Plaintiff is advised to evaluate the complaint carefully to determine whether it can properly be maintained as a single action or whether he needs to file two or more complaints to conform to the requirements of Rule 18(a).

### Conclusion and Order

The first amended complaint fails to state a cause of action. By this order, this Court will dismiss Plaintiff's first amended complaint with leave to amend. Plaintiff is directed to revise his complaint (1) to incorporate sufficient factual information to allow the Court to screen his complaint and the defendants to respond to his claims; (2) to set forth information linking each

6

defendant with Plaintiff's claims against that defendant; and (3) to separate unrelated claims against different defendants into multiple complaints. The second amended complaint may not exceed twenty-five pages.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order; and

4. If Plaintiff fails to file a second amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 7, 2009**         /s/ **Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE