# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA, | 1:06-cv-01391-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT |
| v. | (Doc. 38.) |
| W. J. SULLIVAN, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Plaintiff Jaime L. Zepeda is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 10, 2006. (Doc. 1.) The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and entered an order on September 25, 2008, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 13.) On December 18, 2008, Plaintiff filed the First Amended Complaint. (Doc. 16.) On May 7, 2009, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 18.) On July 13, 2009, Plaintiff filed the Second Amended Complaint. (Doc. 21.) On November 5, 2009, the Court dismissed Plaintiff's claims for denial of access to the court and deliberate indifference to medical needs, with prejudice, and dismissed the Second Amended Complaint for failure to state a claim, with leave to amend the claims for denial of outdoor exercise, lack of hygiene, and food deficiencies. (Doc. 23.)

On November 19, 2010, Plaintiff filed the Third Amended Complaint. (Doc. 28.) On January 31, 2011, Plaintiff filed a motion to file a Fourth Amended Complaint and lodged a proposed Fourth Amended Complaint. (Docs. 29, 30.) On April 7, 2011, the Court denied Plaintiff's motion to file a Fourth Amended Complaint and ordered that this case proceed on Plaintiff's Third Amended Complaint against defendants Cate, Sullivan, Carrasco, Schulties, and John Doe Deputy Director, on Plaintiff's claims for inadequate outdoor exercise and winter clothing. (Doc. 31.) On August 10, 2011, Plaintiff filed a motion for leave to file a Fifth Amended Complaint and lodged a proposed Fifth Amended Complaint. (Docs. 38, 39.) On August 19, 2011, defendants filed an opposition to the motion. (Doc. 40.) On August 31, 2011, Plaintiff filed a reply. (Doc. 43.) Plaintiff's motion to amend is now before the Court.

**II.     MOTION TO AMEND – RULE 15**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has already amended the complaint more than once, Plaintiff's pending motion to amend must be granted by the Court before the proposed Fifth Amended Complaint can be filed.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

Plaintiff seeks leave to file a Fifth Amended Complaint to "add additional factual allegations in support of subpart (A) and (B) of claim 10 to the original third amended complaint." Motion, Doc. 38 at 1:18-20, 4:3-7. Plaintiff also wishes to clarify that he was denied adequate exercise as a result of defendants' actions, not a result of the modification of Article 43. Plaintiff also wishes to re-state his allegations and claims for overcrowding and violation of due process.

///

Defendants argue that Plaintiff's motion to amend should be denied because (1) it would prejudice the defendants who have filed a motion to dismiss the Third Amended Complaint, (2) the motion is sought in bad faith because the Court has already dismissed several claims with prejudice in previous orders and did not grant Plaintiff leave to amend within the April 7, 2011 order, (3) it would cause an undue delay in litigation which was commenced nearly five years ago, and (4) it would be futile. Defendants also argue that Plaintiff's motion is really a motion for reconsideration of the Court's April 7, 2011 screening order and should be denied because Plaintiff has not shown the Court made any errors or omissions.

Plaintiff replies that he seeks to amend the complaint "only to . . . be more detailed and make the Pleading more understandable." Reply, Doc. 43 at 2:15-18. Plaintiff argues that he should be allowed to reinstate his claims based on inadequate access to soap and lotion because the Court did not dismiss those claims "with prejudice" in the April 7, 2011 order, and he only wishes to cure deficiencies in the claims. Reply at 3-4.

The Court finds that Plaintiff's motion acts, in part, as a request for reconsideration of the Court's April 7, 2011 screening order, because Plaintiff seeks to reinstate claims that the Court dismissed from the Third Amended Complaint in the screening order.[1]

**Motion for Reconsideration**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

---

[1] In the April 7, 2011 screening order, the Court dismissed Plaintiff's claims for denial of access to the courts, supervisory liability, overcrowding, inadequate soap and lotion, failure to protect, state law claims, due process, and equal protection, based on Plaintiff's failure to state a claim. (Doc. 31 at 16 ¶4.) Plaintiff was not granted leave to amend these claims.

3

1  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The Court has reviewed Plaintiff's proposed Fifth Amended Complaint and has considered Plaintiff's arguments and the new allegations and clarifications Plaintiff seeks to add. Plaintiff seeks to reinstate the claims for inadequate soap and lotion, overcrowding, and due process, which were dismissed by the Court in the April 7, 2011 screening order. Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Nor has Plaintiff demonstrated both injury and circumstances beyond his control. Therefore, to the extent that Plaintiff's motion acts as a request for reconsideration of the Court's April 7, 2011 order, the request for reconsideration is denied.

Plaintiff also requests leave to amend the complaint to clarify that he was denied adequate exercise as a result of defendants' actions, not a result of the modification of Article 43. Such amendment of the complaint, without more, is futile because the Third Amended Complaint already alleges that Plaintiff was deprived of outdoor exercise "because of [Defendants'] arbitrary and capricious implementations." Third Amended Complaint at 6 ¶13. Plaintiff's allegations in the Third Amended Complaint suffice to state a cognizable claim for denial of adequate exercise, as determined in the Court's screening order. Granting Plaintiff leave to file a Fifth Amended Complaint to make his proposed clarifications at this stage of the proceedings would only cause undue delay in the litigation and prejudice the defendants. Therefore, Plaintiff's motion for leave to amend shall be denied.

///

///

**III. CONCLUSION**

Based on the foregoing, Plaintiff's motion for leave to file a Fifth Amended Complaint, filed on August 10, 2011, is DENIED.


IT IS SO ORDERED.

Dated: **January 12, 2012**        /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE