# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME L. ZEPEDA, | 1:06-cv-01391-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED, DISMISSING THIS ACTION |
| v. | |
| W. J. SULLIVAN, et al., | |
| | (Doc. 37.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I. BACKGROUND

Jaime L. Zepeda ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 10, 2006. (Doc. 1.) This case now proceeds on Plaintiff's Third Amended Complaint, filed on November 19, 2010, against defendants Matthew Cate, W. J. Sullivan, M. Carrasco, L. L. Schulties, and John Doe Deputy Director, on Plaintiff's claims for inadequate outdoor exercise and winter clothing.[1] (Doc. 28.) On August 12, 2011, defendants Cate, Sullivan, Carrasco, and Schulties ("Defendants") filed a motion to dismiss this action based on Plaintiff's failure to exhaust administrative remedies before bringing this action, and because Defendants are

---

[1] On April 7, 2011, the Court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 31.)

1

entitled to qualified immunity.[2] (Doc. 37.) On August 31, 2011, Plaintiff filed an opposition to the motion. (Doc. 42.) On September 28, 2011, Defendants filed a reply to Plaintiff's opposition. (Doc. 46.) Defendants' motion to dismiss is now before the Court.

## II.   STATUTORY EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

///

///

---

[2] The Doe Defendant has not been served with process in this action. Plaintiff has not sufficiently identified the Doe Defendant to enable the Marshal to locate and serve this defendant.

2

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS AND CLAIMS UPON WHICH THIS ACTION PROCEEDS

Plaintiff is a state prisoner presently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events at issue allegedly occurred. This action now proceeds with Plaintiff's Third Amended Complaint against defendants Cate, Sullivan, Carrasco, Schulties, and John Doe Deputy Director, on Plaintiff's claims for inadequate outdoor exercise and winter clothing.

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by providing him with inadequate outdoor exercise and winter clothing. Plaintiff alleges that during a nine-month period, from late December 2005 until October 10, 2006, he did not receive more than 2.5 to 3.0 hours per week of outside exercise time, for no legitimate reason such as prison lockdown or medical issues. As a result of limited exercise, Plaintiff gained 35 pounds and suffered from stress, depression, anxiety, and tissue atrophy. Plaintiff alleges that under modifications to Article 43 which occurred in March 2005, he is not provided sufficient clothing to stay warm during the winter months. Although Plaintiff was issued thermal tops and bottoms, he maintains that he needs additional warm clothing and a beanie, which he does not have the means to purchase himself. Plaintiff asserts that he is exposed to temperatures below freezing, wind, rain, and occasional snow when he goes outdoors for exercise. Plaintiff alleges that prisoners in the general population at CCI are provided heavy coats and beanies during the winter months, but he is not. Because of loss of body heat resulting from inadequate winter clothing, Plaintiff suffers pain in his ears, nose, face and hands, exposure to frostbite, and pulmonary problems.

Plaintiff requests monetary damages, declaratory and injunctive relief, attorneys fees, and costs of suit.

### IV. MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances,

the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

### *Defendants' Motion*

Defendants argue that this action should be dismissed because Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against Defendants. Defendants submit evidence that between January 1, 2005 and December 31, 2006, the Office of Appeals ("OOA") for the CDCR, which receives and maintains inmate appeals accepted for Director's Level review, accepted and rendered a decision on only three of Plaintiff's appeals, none which addressed the wrongful acts alleged against Defendants in this action. (Declaration of D. Foston ("Foston Decl."), Doc. 37-2, ¶¶2 3.)

### *Plaintiff's Opposition*

In opposition, Plaintiff argues that under Jones, 549 U.S. at 214-15, Defendants' motion is improper, because a motion to dismiss for failure to exhaust cannot be granted unless non-exhaustion is clear from the fact of the complaint, and Plaintiff pleads exhaustion in the body of the complaint. Plaintiff also argues that Defendants have not established that none of the appeals filed by Plaintiff concerned grievances about inadequate exercise or clothing. Plaintiff asserts that he participated in group appeals which Defendants may not have discovered using a search of his name. Plaintiff discusses and provides evidence of two group appeals which he asserts he participated in, Log Numbers CCI-07-01474 and CCI-08-00663, which were denied at the Director's Level of review. (Exh. A to Plt'f Opp'n, Doc. 42 at 29, 35.) Plaintiff also provides evidence of another group appeal, Log Number CCI-08-00110, which was signed by nine inmates including Plaintiff. Id. at 48, 53.

### *Defendants' Reply*

Defendants reply that neither of the two group appeals discussed by Plaintiff exhausted his remedies with regard to the allegations and claims in this action. The first group appeal grieved the Security Housing Unit's ("SHU") inmates' request to order lotion, deodorant, hair conditioner, Q-

4

tips/cotton swabs and wash cloths, which do not pertain to the two claims in this action. While the second group appeal grieved inadequate outdoor exercise, the Director's Level decision was not rendered until August 23, 2008, <u>after</u> the present lawsuit was filed. In response to Plaintiff's argument that Defendants' motion is improper under <u>Jones</u>, Defendants argue that the Supreme Court, in <u>Booth</u>, 532 U.S. 731, 741 (2001), has consistently held that inmates must exhaust their administrative remedies regardless of the relief sought, and regardless of the relief offered by the process.

### *Discussion*

Defendants' evidence is sufficient to demonstrate that Plaintiff failed to exhaust his remedies at the Director's Level with respect to the allegations and claims upon which this action proceeds. Defendants provide evidence that OOA records show that only three of Plaintiff's appeals, Log Numbers CCI-05-3569, CCI-05-3715, and CCI-05-3998, were accepted for review and decided at the Director's Level between January 1, 2005 and December 31, 2006.[3] (Foston Decl. at 2 ¶3.) Appeal #CCI-05-3569 concerned Plaintiff's requests for more stationary materials, stamps and envelopes. (Exh. A to Foston Decl., Doc. 37-2 at 15.) Appeal #CCI-05-3715 concerned Plaintiff's request for double cell status. <u>Id.</u> at 16. Appeal #CCI-05-3998 concerned Plaintiff's grievances about how a disciplinary hearing was conducted. <u>Id.</u> at 20. Thus, none of these three appeals concerned any allegation or claim that Plaintiff was denied adequate exercise or winter clothing.

The Court finds that Defendants have met their burden as the party moving for dismissal on exhaustion grounds. The burden now shifts to Plaintiff to demonstrate that exhaustion occurred or that an exception exists. <u>Wyatt</u>, 315 F.3d at 1119

Plaintiff's argument that Defendants' motion is improper under <u>Jones</u> is without merit. As discussed above, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, and in deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed

---

[3] Plaintiff alleges in the Third Amended Complaint that he was subjected to unconstitutional conditions beginning in March 2005, and Plaintiff's Complaint commencing this action was filed on October 10, 2006. Thus, Plaintiff must have exhausted his remedies for the claims in this action between March 2005 and October 10, 2006. Therefore, Defendants have searched the records applicable to the relevant time period.

issues of fact. Wyatt, 315 F.3d at 1119-20. While Plaintiff has submitted evidence of three group appeals he claims he participated in, Log Numbers CCI-07-01474, CCI-08-00663, and CCI-08-00110, none of those appeals was exhausted at the Director's Level of review before Plaintiff filed the present lawsuit on October 10, 2006. Appeal #07-01474, which concerned SHU inmates' request to order canteen items, was denied at the Director's Level on August 21, 2007. (Exh. A. to Pltf's Opp'n, Doc. 42 at 29.) Appeal #CCI-08-00663, which concerned inadequate outdoor exercise, was denied at the Director's Level on October 23, 2008. Id. at 35. Appeal #CCI-08-00110, which concerned a request that tortillas and cheese be allowed in the SHU, was partially granted at the Second Level of review on February 5, 2008. Id. at 48. Thus, none of these three appeals was decided at the Third Level of review before Plaintiff filed suit on October 10, 2006.

Based on the foregoing, the Court finds that Plaintiff failed to comply with the CDCR's procedural rules to complete the appeals process before filing suit, and he did not otherwise satisfy the exhaustion requirement under § 1997e(a) before filing this lawsuit. Therefore, the Court finds that Defendants are entitled to dismissal of the claims against them and dismissal of this action.

## V.  QUALIFIED IMMUNITY

Defendants claim they are entitled to qualified immunity. In light of the fact that the Court recommends dismissal of Plaintiff's action in its entirety due to failure to exhaust remedies, the Court shall not address the qualified immunity issue.

## VI.  CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown an absence in the official records of any evidence that Plaintiff exhausted his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendants in this action. Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on August 12, 2011, be GRANTED, dismissing this action.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30)

days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 12, 2012**                              /s/ Gary S. Austin
                                                                    UNITED STATES MAGISTRATE JUDGE